K. Kelsey Gooden, ISB No. 10842
MAUK MILLER & HAWKINS, PLLC
600 E. Riverpark Lane
Suite 205
Boise, Idaho 83706
Telephone: 208-287-8787
office@idahojustice.com

Attorney for Plaintiff Cynthia L. Mendoza

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Cynthia L. Mendoza,<br><br>Plaintiff,<br><br>vs.<br><br>Idaho Transportation Department,<br><br>Defendant. | Case No. ________________<br><br>Judge ___________________<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Cynthia L. Mendoza complains against defendant Idaho Transportation Department as follows:

**NATURE OF ACTION**

This is an action for an award of injunctive relief, attorney fees, and other relief on behalf of Plaintiff, Cynthia L. Mendoza ("Ms. Mendoza"), an employee of Defendant, Idaho Transportation Department ("ITD"), who has been harmed by ITD's discriminatory employment practices and retaliation by the same for making, pursuing, participating in, and supporting claims for unlawful discrimination and harassment and for opposing employment practices made unlawful by federal and state law.

In particular, this action arises under the following:

a. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq*., as amended by the Civil Rights Act of 1991, at 42 U.S.C. § 1981(a) ("Title VII"), including § 703 which prohibits sexual discrimination, 42 U.S.C. § 2000e-2(a), and § 704(a) which prohibits reprisal and retaliatory acts, 42 U.S.C. § 2000e-3(a); and

b. The Idaho Human Rights Act ("IHRA"), Idaho Code § 67-5909, which prohibits discrimination based upon sex, and Idaho Code, § 67-5911 which prohibits reprisal or retaliatory acts.

**PARTIES**

1. Plaintiff, Ms. Mendoza, is, and was at all times pertinent hereto, a female and citizen of Idaho, residing in Ada County.

2. At all times relevant herein, Ms. Mendoza was an employee of ITD within the meaning of 42 U.S.C. § 2000(e)-(f), 29 U.S.C. § 630(f), and Idaho Code § 67-5902.

3. Defendant, ITD, is a state of Idaho governmental organization with its principal offices in Ada County Idaho.

4. At all times relevant hereto, ITD was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of their employment, and under the direct control of ITD.

5. At all times material herein, ITD is and has been a "person" and "employer" as defined under Title VII and the IHRA and is accordingly subject to the provisions of each said act.

**JURISDICTION AND VENUE**

6. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 1391 as Ms. Mendoza's claims are substantively based on Title VII.

7. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 to consider Ms. Mendoza's claims arising under the IHRA.

8. All conditions precedent to the institution of this suit have been fulfilled and Ms. Mendoza has satisfied all jurisdictional prerequisites prior to commencement of this action. On February 13, 2020, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission ("EEOC") and this action has been filed within 90 days of receipt of said notice.

**BACKGROUND AND FACTUAL ALLEGATIONS**

9. Ms. Mendoza began working for ITD on or around March 7, 1987 as a Digital Equipment Specialist.

10. During her employment with ITD, Ms. Mendoza received promotions, advancing to the position of Signal Shop Supervisor which she assumed around the year 2002.

11. Throughout her employment with ITD and continuing throughout the events of discrimination and retaliation described herein, Ms. Mendoza consistently received commendable performance evaluations from her supervisors, receiving "excellent" or "above standard" ratings.

12. At all times material herein, Ms. Mendoza was the only female employee in the ITD Signal Shop facility.

13. In or around summer of 2011, Greg Wozniak was hired by ITD as a Sign Fabricator. Thereafter, he exhibited a persistent pattern of discriminatory behavior toward Ms. Mendoza.

14. As examples, but not with limitation, Mr. Wozniak would belittle and humiliate Ms. Mendoza, making comments that women were "useless" and "stupid." Mr. Wozniak would follow Ms. Mendoza to the restroom and lock her outside.

15. This conduct was in stark contrast to Mr. Wozniak's interaction with male employees.

16. In or around January of 2019, Mr. Wozniak threatened to bring a gun to work and on one occasion followed Ms. Mendoza outside and pretended that he was going to hit Ms. Mendoza.

17. Ms. Mendoza repeatedly reported Mr. Wozniak's discriminatory and harassing comments and threatening conduct to human resources and management at ITD; however, they failed and refused to take action, at one point stating to her, "if it's not safe for you to walk through the building to the bathroom, you're free to use another bathroom."

18. After expressing and conveying complaints with ITD human resources and management personnel, Ms. Mendoza, who is a licensed electrician, sought authorization from her supervisor to purchase supplies and tools on the company account, as was customary for the male employees.

19. In retaliation, ITD refused to purchase any of the tools that Ms. Mendoza required to perform her job, thereby forcing her to purchase her own tools, in contrast to the male electricians. When Ms. Mendoza inquired as to the reasoning for this, she was told she should borrow tools from other people.

20. Also following her formal complaints, Ms. Mendoza requested that ITD purchase her a safety mat, date stamp, and screwdriver, which Defendant refused. In contrast, when male employees requested such purchases, they are authorized the same day.

21. After further complaints to ITD human resources went unanswered, Ms. Mendoza reported Mr. Wozniak's behavior to her manager, Crystal Grasmick, who told Ms. Mendoza, "this is Idaho, you can bring guns anywhere."

22. Finally, Ms. Mendoza reported the harassing and discriminating conduct to the Federal Highway Administration, which referred Ms. Mendoza to the EEOC.

23. ITD took no action to investigate Ms. Mendoza's legitimate concerns and has failed and refused to take prompt remedial action calculated to protect her from Mr. Wozniak's inappropriate conduct and to ensure that such misconduct will not occur in the future.

24. Instead, because of Ms. Mendoza's complaints to HR and supervisors, ITD has subjected her to enhanced scrutiny and retaliation, including withholding safety equipment and necessary tools without good of justifiable cause.

25. Ms. Mendoza now suffers from anxiety, stress, and depression caused by ITD's actions, which she has only been able to endure due to work-from-home orders following COVID-19.

**INCOROPORATION**

26. Ms. Mendoza hereby alleges and incorporates all of the foregoing allegations and averments in Paragraphs 1-25, in each and every cause of action stated herein.

**FIRST CAUSE OF ACTION**
**Sexual Discrimination**

27. The disparate discriminatory treatment of Ms. Mendoza by ITD arises from a series of cumulative events and actions, perpetuated or directed largely by Mr. Wozniak with the knowledge, support, and consent of others in the administrative and management hierarchy of ITD.

28. All of the decisions and actions taken against Ms. Mendoza by ITD described here were motivated in whole or substantial part by her female gender, with the discriminatory intent and effect of depriving Ms. Mendoza of equal treatment provided to similarly situated male employees.

29. The conduct of Mr. Wozniak in particular toward Ms. Mendoza had the purpose and effect of unreasonably interfering with Ms. Mendoza's work performance and further created

and fostered an intimidating, hostile, unwelcome, and offensive work environment for Ms. Mendoza.

30. Despite being aware and advised of Ms. Mendoza's legitimate complaints and concerns, ITD failed to take immediate and appropriate action to cause cessation of or otherwise circumscribe the discriminatory and harassing conduct against Ms. Mendoza.

31. Regardless of ITD's actual or implied knowledge of this discriminatory, harassing, and essentially retaliatory conduct, given the position and duties of those perpetuating such wrongs, ITD is, as a matter of law, strictly liable.

32. As the direct and proximate cause of the wrongful discriminatory conduct described herein, Ms. Mendoza has suffered and will in the future continue to suffer injury and loss as more particularly described herein below.

**SECOND CAUSE OF ACTION**
**Retaliation**

33. Federal and state law, including specifically 42 U.S.C. § 2000e-3(a) and Idaho Code § 67-5911, prohibit any form of reprisal or retaliation by employers and their agents against employees who exercise their rights to oppose discrimination and to seek protection under the laws which prohibit gender discrimination.

34. Ms. Mendoza availed herself of the protection and application of these laws by, among other things, objecting to and opposing the discriminatory conduct of ITD by registering and pursuing her complaints of discrimination internally with ITD and externally with the Federal Highway Administration and the EEOC.

35. Such objections, opposition, and complaints by Ms. Mendoza were made in good faith with a reasonable belief that ITD's conduct was unlawful.

36. As a result, ITD retaliated and took reprisal against Ms. Mendoza, as addressed herein, in violation of the all aforementioned laws.

37. As the direct and proximate cause of such retaliatory conduct, Ms. Mendoza has suffered and will continue to suffer injury and loss more particularly described herein below.

**DAMAGES**

38. The following allegations, paragraphs 38-42, are incorporated by reference as part of each count, claim, and cause of action stated in this Complaint and any amendment to the Complaint.

39. As the direct and proximate cause of ITD's discriminatory, harassing, retaliatory, and other unlawful conduct, Ms. Mendoza has suffered and unless and until this Court grants relief, she will continue to suffer in the form of humiliation, mental anguish, and loss to her professional reputation and career, and other losses, tangible and intangible, economic and compensatory, in an amount to be proven and determined at trial for which she seeks full recovery.

40. Among other things, Ms. Mendoza seeks all recoveries and relief as allowed by law for the following:

a. Emotional distress, anxiety, and mental anguish;

b. Loss of reputation;

c. Disruption of her career; and

d. Incidental and consequential losses.

41. The conduct of ITD as described herein was willful, intentional, knowing, malicious, reckless, and in extreme deviation from appropriate and acceptable standards, thereby entitling Ms. Mendoza to awards of exemplary, punitive, and liquidated damages as are allowed by law.

42. To the extent required by Idaho Code § 6-1604 or other applicable law, Ms. Mendoza reserves her right to amend this Complaint to add a prayer for punitive damages.

**EQUITABLE RELIEF**

43. The facts and circumstances giving rise to this action, and the conduct which is threatened to occur in the future justifies this Court granting appropriate equitable relief, as allowed by law, including pursuant to 42 U.C.S. § 2000e-5(g) and Idaho Code § 67-5908(1).

44. In certain respects, Ms. Mendoza has not plain, adequate, or complete remedy at law to redress the wrongs alleged herein, particularly the damage done to her mental health, and this action, insofar as it seeks injunctive relief, is the only means of securing full and adequate relief.

**ATTORNEY FEES AND COSTS**

45. As consequence of the complaints, causes, and claims stated herein, Ms. Mendoza has been required to retain the law firm of Mauk Miller & Hawkins and has incurred and will incur costs and reasonable attorney fees related thereto, for which she is entitled to a separate award of reimbursement pursuant to Section 706 of Title VII, 42 U.S.C. § 2000e-5(k), the Civil Rights Attorney Fees and Award Act of 1976, 42 U.S.C. § 1988(b), Rule 54 of the Federal Rules of Civil Procedure, and other comparable provisions of the laws of the United States and the State of Idaho affording such awards.

**JURY DEMAND**

46. Ms. Mendoza requests a trial by jury of twelve persons on all counts, claims, and causes of action triable by a jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

Wherefore, Ms. Mendoza requests that this Court enter judgment in her favor and against ITD, and orders that:

a. ITD compensate Ms. Mendoza with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination;

b. ITD compensate Ms. Mendoza with an award of front pay, if appropriate;

c. ITD pay Ms. Mendoza punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

d. ITD take affirmative action, as this Court deems appropriate based upon the proof at trial or at a proper post-judgment hearing regarding such relief;

e. ITD pay Ms. Mendoza pre and post-judgment interests, costs of suit, and attorney fees as allowable by law;

f. For additional equitable relief as this Court deems appropriate based upon the proof at trial or at a proper post-judgment hearing regarding such relief;

g. The Court award such other relief as is deemed just and proper;

Dated May 13, 2020.

MAUK MILLER & HAWKINS, PLLC

K. Kelsey Gooden
Attorney for Plaintiff Cynthia L. Mendoza